[No. 15514.  Department One.  January 7, 1920.]

JOE YANKOV, *Respondent*, v. CHRIS LAKOS, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS. · Findings upon conflicting evidence will not be disturbed on appeal where it cannot be said that they are against the preponderance of the evidence.

Appeal from a judgment of the superior court for King county, Jurey, J., entered March 7, 1919, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.

*F. B. Carpenter,* for respondent.

PARKER, J.—The plaintiff, Yankov, commenced this action in the superior court for King county, seeking recovery of $550 as a balance due him upon the sale of a fishing net by him to the defendant, Lakos.  A check was given to Yankov by Lakos, drawn on the Seattle National Bank, for the purpose of paying this claimed balance due upon the purchase of the net at the time of its delivery, the other portion of the purchase price having theretofore been paid in money.  Payment of the check was stopped by Lakos before Yankov presented it for payment, and it remains unpaid.  Trial upon the merits in the superior court, sitting without a jury, resulted in findings and judgment awarding Yankov recovery for the whole amount of $550, from which Lakos has appealed to this court.

The principal question here presented is as to whether or not there was misrepresentation by Yankov as to the condition of the net inducing Lakos to purchase it at the agreed price, such as to entitle Lakos to damages by way of a set-off or counterclaim against

[1] Reported in 186 Pac. 848.

Yankov's claim for the balance due upon the purchase price. This question, we are convinced from the record before us, is purely a question of fact, as to which the trial court found against Lakos. We have painstakingly reviewed all the evidence and deem it sufficient to say that we cannot see our way clear to disturb the conclusion reached by the trial court. To enter upon a critical examination and discussion of the evidence in this opinion would be but to attempt to measure the credibility of witnesses who testified for the respective parties. We are quite convinced that it cannot be said that the evidence preponderates against the trial court's conclusion.

Other contentions made and briefly argued in appellant's behalf we think are not well founded and do not call for further discussion by us.

The judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.